## In re WETMORE.

(District Court, E. D. Pennsylvania.   June 11, 1900.)

### No. 27.

BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—CONTINGENT INTEREST IN ES-
TATE IN REMAINDER—WILLS—CONSTRUCTION.

Under a devise to the use of one for life, with power of disposition by
will, and, in case of a failure to exercise the power, the property to go to
the surviving next of kin of the testator, one who is next of kin does not
take such an interest in the estate in remainder as will pass to the trustee
under an assignment in bankruptcy.

For former opinion, see 99 Fed. 703.

Charles E. Morgan, Jr., for trustee.

Hatch & Wickes, for bankrupt.

McPHERSON, District Judge.  This petition is presented by the
trustee in bankruptcy, and asks the court to make an order directing
the bankrupt to pay $55,000 in cash, or to deliver certain securities
now in his possession.   The securities are held by the bankrupt under
a claim of title arising upon these facts:   In 1886 his father's will was
admitted to probate, the fourth paragraph being as follows:

"Fourth.  I give and bequeath to my executors hereinafter.named, other
than my wife, the sum of one hundred thousand dollars (in cash, or in secu-
rities or stock valued by my executors at that sum), upon trust to keep the
same invested, and to receive the income thereof, and, after deducting rea-
sonable charges for the management of the said trust, to apply the net
amount of such income, from time to time as it shall accrue, to the use of
my wife, Sarah Taylor Wetmore, so long as she shall live; and I empower
my said wife to dispose of the principal sum so held in trust, and any ac-
cumulations thereof, by last will and testament duly executed by her, and
in such manner as she shall think proper; and, in default of such disposi-
tion by will, I give the said trust fund, upon her decease, to my own then
surviving next of kin, in like manner and shares as if the same were to be
then distributed as my own proper estate, dying at time intestate."

Under this paragraph, $100,000 in securities came into the hands
of the executors named by the will.   In January, 1899, the bankrupt
filed a voluntary petition, upon which an adjudication was duly en-
tered.   In March of the same year, his mother died, leaving a will by
which she exercised in favor of the bankrupt the power of appoint-
ment given to her by the foregoing paragraph; and he now holds, ap-
parently in his own right, securities amounting to about $55,000,—
the remainder of the fund having been expended during his mother's
lifetime.   The petition now under consideration asks the court to order
these securities to be delivered to the trustee; the theory of the peti-
tion being that the bankrupt's interest in the fund was, at the time of
the adjudication, such an interest as he could have transferred at law,
and was therefore property that passed to the trustee.   A demurrer
has been filed to the petition, and the question for decision is whether
the bankrupt took a property interest, transferable at law, under the
fourth paragraph of his father's will, or, stated in other words, wheth-
er such interest as he may now possess was acquired after the date of
the adjudication.

I do not think any valuable purpose would be served by an elaborate discussion of the question, or by a detailed examination of the numerous, and not always harmonious, authorities cited by counsel. It seems clear to my mind that the bankrupt had no interest assignable at law in the trust fund created by the foregoing paragraph of his father's will, and therefore that no such interest passed to the trustee in bankruptcy. My reasons for this conclusion may be stated in a few words. The paragraph in question neither named the bankrupt, nor described him. No doubt, at the date of the testator's death he was then his father's next of kin, but the paragraph gave nothing to the next of kin ascertainable at that date. The bequest was to the next of kin ascertainable at a future date; and whether the paragraph would then describe the bankrupt depended upon his continuing to live until that time should arrive. Moreover, even if he outlived his mother, and might then be found to be the next of kin, it did not follow that the paragraph would give him an interest in the fund. There was another contingency between him and the acquiring of such an interest, namely, that his mother might exercise her absolute right of appointment in favor of some other person. These two contingencies, in my opinion, prevented him from taking an interest, assignable at law, in the fund created by the paragraph in controversy. His position is not to be distinguished from the position of an heir apparent, who will succeed to an estate if he outlive the owner, and if the owner do not make a will in favor of some other person. This, however, is a mere hope of succeeding to the estate, and has never been supposed to be such an interest as is capable of being transferred at law. In equity, an assignment by such an heir might be enforced as an agreement to convey, but only if a valid consideration had passed between the parties.

The demurrer is sustained, and the petition is dismissed.